# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-50149

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STATE OF TEXAS; GREG ABBOTT, *in his official capacity as Governor of Texas*; TEXAS DEPARTMENT OF PUBLIC SAFETY; STEVEN C. MCCRAW, *in his official capacity as Director of Texas Department of Public Safety*,

*Defendants—Appellants*,

—————————————————————

LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; COUNTY OF EL PASO, TEXAS,

*Plaintiffs—Appellees*,

*versus*

STEVEN C. MCCRAW, *in his official capacity as Director of the State of Texas Department of Public Safety*; BILL D. HICKS, *in his official capacity as District Attorney for the 34th District*,

*Defendants—Appellants*.

No. 24-50149

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-8
USDC No. 1:23-CV-1537

---

Before RICHMAN, *Chief Judge*, OLDHAM, and RAMIREZ, *Circuit Judges*.

PER CURIAM:

Oral argument is scheduled on March 20, 2024, to consider the Appellants' Motion to Stay Preliminary Injunction Pending Appeal. A majority of the panel has concluded that the administrative stay entered by a motions panel on March 2, 2024, should be lifted. Accordingly,

IT IS ORDERED that the administrative stay of this appeal previously entered by a motions panel on March 2, 2024, is DISSOLVED.

ANDREW S. OLDHAM, *Circuit Judge*, dissenting:

A preliminary injunction is an extraordinary remedy that alters the status quo. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Nken v. Holder*, 556 U.S. 418, 429 (2009). A stay preserves the status quo while an appellate court reviews the lawfulness of that alteration. *Nken*, 556 U.S. at 429. Earlier today, the Supreme Court of the United States restored an administrative stay so our panel could review the State's request for emergency relief under Federal Rule of Appellate Procedure 8. *See United States v. Texas*, No. 23A814 (U.S. Mar. 19, 2024) (Mem.). I would leave that stay in place pending tomorrow's oral argument on the question.